**Zoran VLADISAVLJEVIC, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–70994.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed June 18, 2007.

As Amended on Denial of Rehearing Aug. 30, 2007.

Carmen M. Chavez, Esq., Carol Carvajal, Esq., Casa Cornelia Law Center, San Diego, CA, for Petitioner.

Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Conor B. Dugan, Esq., DOJ–U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: PREGERSON, THOMPSON, and TALLMAN, Circuit Judges.

MEMORANDUM *

Zoran Vladisavljevic petitions for review of the decision of the Board of Immigration Appeals ("BIA") upholding the denial by an immigration judge ("IJ") of petitioner's claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The BIA also upheld the IJ's finding that petitioner

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

knowingly filed a frivolous asylum application under 8 U.S.C. § 1158(d)(6). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we grant the petition in part and deny it in part.

■ 1. The IJ's denial of petitioner's request for a fourth continuance did not constitute an abuse of discretion or violate petitioner's statutory or due process rights. The IJ's finding that petitioner engaged in a consistent pattern of a lack of cooperation with counsel, which culminated in the delay of his merits hearing for over a year, was not clearly erroneous. An alien's right to counsel does not confer an unlimited ability to delay immigration proceedings indefinitely or unreasonably to secure counsel or to perfect his case. *See Jie Lin v. Ashcroft,* 377 F.3d 1014, 1032 (9th Cir.2004) (warning that "a petitioner may be forced to proceed without counsel ... [if the petitioner] delayed the hearing in bad faith, or sat on his right to obtain counsel"); *Castro–Nuno v. INS,* 577 F.2d 577, 578–79 (9th Cir.1978) (noting that the failure of petitioner's counsel to appear was not the fault of petitioner and could not be interpreted as a delaying tactic).

■ 2. The IJ did not violate petitioner's due process rights when he refused to admit evidence submitted nearly eight weeks after the deadline. "If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 1003.31(c). In the absence of a valid excuse for submitting evidence nearly eight weeks after the established deadline, we cannot find that the IJ's exclusion of that evidence was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar. v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (quoting *Platero–Cortez v. INS,* 804 F.2d 1127, 1132 (9th Cir.1986)).

■ 3. Substantial evidence supports the IJ's adverse credibility finding. The IJ fastidiously supported his adverse credibility determination with multiple demeanor-based findings, including petitioner's "crocodile tears," or attempts to elicit sympathy by crying. These demeanor-based findings are supported by the record. "So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the alien's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).

■ 4. The BIA's conclusion that the petitioner failed to demonstrate past persecution or a well-founded fear of future persecution is supported by substantial evidence. Because the petitioner did not establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006). Petitioner's CAT claim requires him to prove that, if he were removed, he would more likely than not be tortured. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001). Our review of the record confirms that the petitioner has not met that burden here.

■ 5. On April 25, 2007, the BIA, in accordance with a remand by the Second Circuit, *see Liu v. U.S. Dep't of Justice,* 455 F.3d 106, 116–17 (2d Cir.2006), issued guidance for deciding when an asylum application may be found to be frivolous. *See In re Y–L–,* 24 I. & N. Dec. 151 (BIA 2007). Since these guidelines were issued after the BIA considered the appeal in the instant case, we grant the petition in part and remand so the BIA may apply these standards to the IJ's frivolousness finding in this case.

**PETITION GRANTED in part, DENIED in part, and REMANDED.**